# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA THOMPSON, Plaintiff, v. RITE AID, CORP. Defendant. | CIVIL ACTION NO: **JURY TRIAL DEMANDED** *ELECTRONICALLY FILED* |

## COMPLAINT

Plaintiff, ANGELA THOMPSON, a resident of Dauphin County, Pennsylvania, by and through her attorneys, WEISBERG CUMMINGS, P.C., brings this civil action for damages against the above-named Defendant, RITE AID, CORP., demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et seq*. and the Pregnancy Discrimination Act of 1978 (the "PDA"), the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq*. (the "FMLA"), and 28 U.S.C. §§1331 and 1343.

2. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and because the unlawful

discrimination practices that are the subject of this action were committed in this Judicial District.

3. Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

4. Plaintiff, Angela Thompson ("Ms. Thompson"), is an adult individual residing in Harrisburg, Dauphin County, Pennsylvania.

5. Defendant, Rite Aid Corp. ("Rite Aid") is a Pennsylvania business corporation with a registered office and headquarters located at 30 Hunter Lane, Camp Hill, Cumberland County, Pennsylvania 17011.

6. At all times relevant to this Complaint, Rite Aid owned and operated a retail location located at 4229 Union Deposit Road, Harrisburg, Dauphin County, Pennsylvania 17111.

7. At all times relevant to this Complaint, Rite Aid employed in excess of fifty (50) employees, including Ms. Thompson, making Rite Aid an "employer" as defined under Title VII/ the PDA, and the FMLA.

## ADMINISTRATIVE PROCEEDINGS

8. On or about July 23, 2021, Ms. Thompson filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") which was docketed as Charge No. 530-2021-04292, alleging Defendant discriminated against her on the basis of her pregnancy and related medical

conditions, including wrongful termination, along with instructions for the EEOC to dual file her discrimination claims with the Pennsylvania Human Relations Commission (the "PHRC").

9. Ms. Thompson has been advised of her individual right to bring a civil action by receiving a Notice of Right to Sue from the EEOC, dated July 29, 2021.[1]

10. Ms. Thompson has exhausted all administrative remedies available to her, and all necessary and appropriate EEOC administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

## STATEMENT OF FACTS

11. Ms. Thompson was employed by Rite Aid at its Dauphin County retail establishment, located at 4229 Union Deposit Road, Harrisburg, Pennsylvania, for approximately one (1) year and four (4) months until she was forced to resign from her employment on or about March 25, 2021.

12. In or around October 2020 Ms. Thompson learned that she was pregnant. Ms. Thompson disclosed this news to her co-workers and managers at this time.

---

[1] Ms. Thompson's claims for pregnancy discrimination were dual-filed with the PHRC on or about July 23, 2021. As such, Ms. Thompson intends to amend this Demand to include these state claims when they ripen one year from their PHRC filing date.

13. On or about November 28, 2020, Ms. Thompson received news from her physician that she was in imminent danger of suffering a miscarriage.

14. Ms. Thompson continued working her scheduled shifts after receiving this news.

15. On or about December 9, 2020, Ms. Thompson received news from her physician that she had suffered a miscarriage. Ms. Thompson was required to undergo a surgical procedure as a result.

16. Ms. Thompson immediately applied for leave from Rite Aid pursuant to the Family Medical Leave Act ("FMLA"), to tend to the serious health conditions that arose as a result of the miscarriage and recovery therefrom. Ms. Thompson's FMLA request was granted.

17. Ms. Thompson returned to work on or about February 8, 2021.

18. Immediately upon Ms. Thompson's return to work, Ms. Thompson was consistently questioned and criticized by her Assistant Store Manager, James Comry, for taking FMLA leave.

19. In or around February 2021, Ms. Thompson made a complaint to her Store Manager, Cassandra (last name unknown), about Mr. Comry's comments about Ms. Thompson's FMLA leave and her pregnancy and resulting miscarriage.

20. Cassandra hosted a meeting between herself, Ms. Thompson and Mr. Comry. At the meeting, Mr. Comry disclosed that he was "upset" that Ms. Thompson took FMLA leave.

21. At this meeting, Ms. Thompson disclosed to Cassandra and Mr. Comry that she suffers from depression and anxiety, which had worsened as a result from her pregnancy and resulting miscarriage and that Mr. Comry's incessant badgering and harassment was severely increasing the symptoms of these disorders.

22. Ms. Thompson requested that Mr. Comry cease his questioning and harassment surrounding Ms. Thompson's FMLA leave and her pregnancy and resulting miscarriage.

23. Following this meeting, in or around March 2021, Mr. Comry started questioning Ms. Thompson's coworkers about the authenticity of Ms. Thompson's miscarriage, stating that he wanted to "see the ultrasounds" as proof.

24. Under information and belief, Mr. Comry never questioned the authenticity of any other employees' conditions who took a leave of absence to accommodate a similar issue.

25. Ms. Thompson again informed Cassandra of Mr. Comry's harassing accusations. Cassandra did not offer any assistance to Ms. Thompson nor did she indicate that she would assist with remediating the harassment.

26. Following this, Mr. Comry began to regularly leave Ms. Thompson off the store's daily duty lists despite Ms. Thompson's maintained regular employment with Rite Aid. Additionally, Mr. Comry regularly told Ms. Thompson that he "forgot" she works at his store.

27. On or about March 25, 2021, Ms. Thompson felt that she had no other option than to terminate her employment with Rite Aid, based on Mr. Comry's discriminatory treatment and based on Cassandra's failure to provide any meaningful remediation for such treatment.

28. As a result of the foregoing, Rite Aid discriminated against Ms. Thompson based on her pregnancy and related medical condition in violation of her rights under Title VII/the PDA, and the FMLA.

## COUNT I

### VIOLATIONS OF TITLE VII
**Pregnancy Discrimination Act - Discrimination**

29. All prior paragraphs are incorporated herein as if set forth fully below.

30. Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based upon an individual employee's sex. 42 U.S.C. §2000e-2(a).

31. The Pregnancy Discrimination Act amended Title VII to state:

> i. The terms "because of sex" or "on the basis of sex" include but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all

> employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in the ability or inability to work.

42 U.S.C. §2000e(k).

32. Ms. Thompson was within the protected class of individuals as designated by the PDA.

33. Ms. Thompson was constructively discharged by Rite Aid as a result of her pregnancy and miscarriage.

34. As a direct and proximate result of the conduct of Rite Aid in violating the PDA by discriminating against Ms. Thompson on the basis of her pregnancy, Ms. Thompson has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment and humiliation.

## COUNT II

### VIOLATIONS OF FMLA
### FMLA – Discrimination/Retaliation

35. All prior paragraphs are incorporated herein as if set forth fully below.

36. Ms. Thompson had the right under the FMLA to twelve weeks of leave in a fifty-two week period because of her emergency medical condition.

37. The FMLA prohibits an employer from discriminating and/or retaliating against an employee for exercising her FMLA rights.

38. Ms. Thompson gave appropriate notice of her intention to take leave, and in fact was approved and took leave, pursuant to FMLA.

39. Upon her return to work from FMLA leave, Ms. Thompson was harassed and discriminated/retaliated against by her Assistant Store Manager James Comry for taking FMLA leave.

40. Ms. Thompson's taking leave was a determinative factor in her constructive discharge from Rite Aid.

WHEREFORE, Plaintiff, Angela Thompson, seeks judgement in her favor and against Defendant, Rite Aid Corp., for: backpay and benefits; interest on her monetary losses at the prevailing rate; liquidated damages; attorneys' feeds and costs; and such legal and/or equitable relief as allowed by law.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

Weisberg Cummings, P.C.

Dated: <u>October 26, 2021</u>     <u>*/s/ Michael J. Bradley*</u>
Michael J. Bradley (PA 329880)
mbradley@weisbergcummings.com

<u>*/s/ Larry A. Weisberg*</u>
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

<u>*/s/ Derrek W. Cummings*</u>
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

<u>*/s/ Steve T. Mahan*</u>
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)
*Counsel for Plaintiff*